UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDWIN BASZAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-02019 (ABJ) |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

Plaintiff Edwin Baszak brings this action *pro se* against the United States of America[1] and the Federal Bureau of Investigation ("FBI") alleging violations of his rights under the Foreign Intelligence Service Act, 50 U.S.C. § 1800, *et seq.* (2006) ("FISA"), the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (2006) ("FTCA"), the Constitution of the United States, and the International Covenant on Civil and Political Rights, art. 17–19, Dec. 16, 1966, 999 U.N.T.S. 171 ("ICCPR").

Defendants moved to dismiss all of plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the grounds that the claims are fictitious, and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Court will grant defendants' motion to dismiss for lack of subject matter jurisdiction.

---

1     The Court notes that plaintiff never filed proof of service of the amended complaint on defendant United States of America. But because the Court will dismiss the amended complaint for lack of subject matter jurisdiction, it need not further address plaintiff's failure to serve that defendant.

I.      **Background**

Plaintiff is a citizen and national of Belgium, residing in Washington, D.C, who claims that prior to September 11, 2001, he alerted the FBI of the exact date of terrorist attacks on the World Trade Center and Pentagon. Am. Compl. ¶¶ 1, 6–7. Plaintiff contends that he "discovered that pilots were being trained to hijack airplanes and fly into the World Trade Center and Pentagon for the express purpose of causing maximum civilian casualties" from a third party who "conversed in an internet chat room with a terrorist cell," and that he unsuccessfully sought to "discuss the terrorist activity he uncovered with the FBI." *Id.* ¶ 7–8.

Plaintiff further alleges that in 1999 he made a presentation to classmates on the September 11, 2001 terrorist attacks and specifically named the future perpetrators of the attacks. *Id*. ¶ 9. He claims that the FBI obtained his private information by engaging in long-term and warrantless surveillance through "intrusive techniques such as video and mental surveillance . . . ." *Id*. ¶¶ 11, 53.

Plaintiff insists that the "information he revealed to the FBI was distributed to the public through various recording artists, using the artists' *compact disk recordings* of popular music." *Id*. ¶ 10. "After close review of particular recording materials, the plaintiff reached the conclusion that they actually contain portions of personal data, which he alleges have been processed by defendants after 9/11." *Id.* ¶ 45. He alleges that this information was distributed to "global media networks," as "part of a wider pattern of widespread and systematic privacy abuses, in which defamatory information is being circulated through the media." *Id*. ¶¶ 11, 39. The "personal data is being disseminated to the public on a daily basis," *id.* ¶ 42, but according to plaintiff, the information being distributed is "only personally recognizable" to plaintiff himself. *Id*. ¶ 45. Although plaintiff asserts that "no reasonable person would be convinced that

this material is actually a product of another person's intellect," he claims his personal information is being "revealed behind closed doors." *Id.* ¶¶ 41, 45.

Because plaintiff claims he has exhausted the remedies afforded to him by various agencies through requests under the Freedom of Information Act for his "report of terrorist activity and any personal records maintained in the records system," *id*. ¶¶ 15–27, he seeks relief under FISA, the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, the FTCA, and Articles 17, 18, and 19 of the International Covenant on Civil and Political Rights. He notes that his claim "is based on a Present Reality, of which the causes extend far into the Past," *id.* ¶ 35, and he asks for damages in the amount of $20,000,000.00 in his FTCA claim. *Id.* ¶ 33.

## II. Standard of Review

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). *See also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court with limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement, . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1993); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Where the action is brought by a plaintiff proceeding *pro se,* "the court must take particular care to construe plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks v. Fort Myers Constr. Co.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010), quoting *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972).

### III. Plaintiff's claims are patently insubstantial and must be dismissed

"Federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008), quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate when a complaint is so "patently insubstantial" that it presents "no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A complaint that is "patently insubstantial" is not merely doubtful or questionable, but is "essentially fictitious." *Id.; see also Carone-Ferdinand v. CIA*, 131 F. Supp. 2d 232, 234 (D.D.C. 2001) (finding that allegations that are "so obviously false as to cast doubt on the plaintiffs' entire case" are essentially fictitious).

Claims that are patently insubstantial include those arising from allegations of "bizarre conspiracy theories" or "fantastic government manipulations of [one's] will or mind." *Curran v. Holder*, 626 F. Supp. 2d 30, 33–34 (D.D.C. 2009), quoting *Best*, 39 F.3d at 330; *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (holding that the "particular combination of sloth, fanaticism, inanity and technical genius . . . move these allegations into the realm of claims [that are] essentially fictitious"). For example, in *Roum v. Fenty*, 697 F. Supp. 2d 39, 41–43 (D.D.C. 2010), the court dismissed a complaint that asserted a conspiracy by various government officials, including allegations of brain-mapping and dissemination of private information. *See also Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006) (dismissing plaintiff's "inherently unrealistic allegations" against the FBI).

Here, all of plaintiff's claims arise from allegations of surveillance and conspiracy theories and are patently insubstantial. *See Fenty*, 697 F. Supp. 2d at 42. Plaintiff alleges that defendants' violations of his First and Sixth amendment rights, and articles 18 and 19 of the ICCPR, based on long-term warrantless surveillance and unlawful interception through "intrusive techniques such as video and mental surveillance," have denied him the "ability to obtain legal advice" and "fair proceedings," and his right to free expression. Am. Compl. ¶¶ 25, 50–55, 57–58. These allegations are frivolous. *See Newby v. Obama*, 681 F. Supp. 2d 53, 54–56 (D.D.C. 2010) (dismissing complaint that set forth "vague legal arguments" alleging government surveillance and denial of constitutional rights).

Similarly, plaintiff's claims under FISA, FTCA, the Fourth, Fifth, and Fourteenth amendments, and article 17 of the ICCPR allege that defendants' interception, surveillance, and subsequent public use of plaintiff's information, has deprived plaintiff of his privacy, private property, and personal liberties. Am. Compl. ¶¶ 50, 52–53, 56–67. Specifically, plaintiff alleges

injury because of the distribution of information regarding his knowledge of the September 11, 2011 terrorist attacks, through popular music, to "global media networks." *Id.* ¶¶ 10, 39, 45. Here, plaintiff's claims rest on "fantastic government manipulation of [one's] will or mind" that simply defy reality. *See Curran v. Holder*, 626 F. Supp. 2d 30, 33–34 (D.D.C. 2009).

Because each of plaintiff's claims is based on conspiracy theories that are "essentially fictitious," the Court finds that those claims are patently insubstantial. *See Best*, 39 F.3d at 330; *Bush*, 461 F. Supp. 2d at 42. Because the Court concludes that it does not have subject matter jurisdiction over plaintiff's claims, it does not need to reach the question of whether plaintiff adequately stated claims under Fed. R. Civ. P. 12(b)(6). *See Carone-Ferdinand*, 131 F. Supp. 2d at 235.

## IV. Conclusion

For the foregoing reasons, the Court will grant defendants' motion to dismiss for lack of subject matter jurisdiction. A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: October 6, 2011